12873

STATE v. BOYD

(152 S. E., 676)

April, 1929.

*Messrs. Gunter & Wilder,* and *William M. Smoak,* for appellant,

Solicitor B. D. Carter, for the State,

March 27, 1930.

The opinion of the Court was delivered by Mr. Justice Stabler.

On June 14, 1928, the defendant, Boyd, and one Commodore Perry, along with others, were working as section hands for the C. & W. C. Railway Company putting down a pass or side track at Beach Island Station in Aiken County. Some misunderstanding arose between the two men, and Boyd struck Perry on the side of the head with a shovel inflicting a wound from which death resulted. On April 29, 1929, the defendant was indicted and tried for murder in the Court of General Sessions for Aiken County, was convicted of manslaughter, and was sentenced to imprisonment at hard labor for a period of ten years. He now appeals and complains that the trial Judge committed prejudicial error (1) in the admission of testimony, and (2) in charging the jury the law as to self-defense.

Goddard, a section foreman, testified for the State that he and Miller, another foreman, were forty or fifty feet from Boyd and Perry; that he was attracted by a noise behind him, and that, when he turned, he saw blood gushing from Perry's head and saw Boyd turn and walk away. The examination of the witness then continued:

"Q. What did you do? A. I whirled around and said to Mr. Miller, Albert has hit Commodore Perry and killed him.

"Mr. Gunter: I object because it was not in the hearing of the defendant, and not connected with the incident, and

what either one of the parties said would not be competent. What the defendant or dead man said would be competent.

"The Court: I think the exclamation of one upon the ground or scene of the thing whether he be a party or not is a part of the res gestæ. Go ahead.

"Mr. Salley (continuing): Q. What did you say? A. I heard something—it was a noise, and it attracted my attention and was a peculiar noise and I wheeled around and saw the blood gush from Perry's head and Albert turned and walked back and I said to Mr. Miller, Albert has killed Commodore Perry. * * *"

The contention of the appellant is that this testimony was a narrative statement of an alleged conversation between third persons not connected with the homicide and that the declarations so made were not a part of the res gestæ.

The exceptions making this assignment of error cannot be sustained. Whether or not the declaration made by the witness to Miller that "Albert has hit Commodore Perry and killed him," was admissible as a part of the res gestæ, is immaterial, for the reason that the defendant himself testified that he struck the blow that killed Perry. *State v. Sanders*, 75 S. C., 409, 56 S. E., 35.

The appellant also complains of error in the admission of certain other testimony, but an examination of the record shows that no objection was made to its admission. Hence the question made is not properly before the Court; but, even if it was, the exceptions raising it are without merit.

With regard to the plea of self-defense, the Court ■■ charged the jury in part as follows: "It is a lawful plea—one recognized by the law, and sometimes called the law of nature—the right to defend one's person and life from assault or from danger of bodily harm or death. The law accepts the plea of self-defense if it be shown that the plea is a just one in this respect. The plea of self defense amounts to this he who sets it up, says yes, I killed the other man, but I did it because it was necessary

to save my life or save myself from serious bodily harm. In other words, the plea of self defense is founded on necessity."

The appellant contends that this charge was an erroneous statement of the law "in that the Court failed to charge that the defendant had a right to act upon appearances, provided a man of ordinary reason, firmness and prudence would have been justified in acting upon such appearances."

If there was error as complained of, it was harmless. Later in his charge, in stating to the jury the right of one to act upon meeting his adversary who had threatened his life the Court said: "He is entitled under the law to view the conduct of his adversary more harshly than otherwise, and as I have said the danger need not be actual. If it is an apparent danger, and one which a man of ordinary firmness and coolness would have come to the conclusion it was an immediate danger, he would have a right to act upon it. Suppose I walked up to you, Mr. Foreman, and presented a pistol at you, and I said I was going to kill you, and you, acting on that, killed me. It may turn out that that pistol was not loaded, and you were in no danger, yet you were entitled to act on appearance of danger. All of these things relating to self defense, as I have said, are incumbent upon the defendant to prove by the preponderance of the evidence."

It is evident that, when the charge is considered as a whole, as it should be, the jury could not possibly have been misled as to the right of the appellant to rely upon appearances.

All exceptions are overruled, and the judgment of the Circuit Court is affirmed.

Mr. Chief Justice Watts and Messrs. Justices Cothran, Blease and Carter concur.